## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| ANTOINE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:11-0479 |
| | ) | |
| JOEL ZIEGLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On July 13, 2011, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus By a Person in State or Federal Custody*.[1] (Document No. 2.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### PROCEDURE AND FACTS

Petitioner was arrested by State authorities on January 11, 2005, in Jasper County, North Carolina, for Petit Larceny and Assault with Intent to Kill. (Document No. 11-1, p. 2.) Petitioner was held in State custody for approximately 9 months before being released on bond. (Id.) On June 24, 2008, Petitioner was arrested by State authorities in Beaufort County, North Carolina, for Criminal

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Domestic Violence, Breach of Trust, Forgery, and Grand Larceny. (Id.) Petitioner was released on bond the same day. (Id.) Petitioner was again arrested by State authorities on September 9, 2008, in Jasper County, North Carolina, for Assault and Battery with Intent to Kill. (Id., p. 3.) He was released on bond the same day. (Id.) On February 11, 2009, Petitioner was indicted in the United States District Court for the District of South Carolina for Theft of Mail, Identity Theft, Conspiracy to Commit Bank Fraud and Aggravated Identity Theft. (Id., pp. 5 - 9.) Petitioner was arrested by the United States Postal Inspectors on February 19, 2009, for Larceny from the Mails in violation of 18 U.S.C. §§ 1708 and 1702. (Id., p. 11.) On August 2, 2010, the United States District Court for the District of South Carolina imposed a 63-month term of imprisonment for Conspiracy to Commit Bank Fraud. (Id., pp. 12, 14 - 18.) Petitioner Federal sentence commenced on August 2, 2010, the date it was imposed. (Id.) Petitioner projected release date is October 18, 2013. (Id., pp. 26 - 28.)

On July 13, 2011, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 2.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Plaintiff complains that he "was not credit with the time between January 11, 2005, to June 16, 2006." (Id., p. 7.) Petitioner first appears to contend that the BOP is improperly denying him prior custody credit pursuant to Section 3585. (Id., p. 6.) Additionally, Petitioner states that U.S.S.G. "§ 5G1.3(b) applies when the term of imprisonment resulted from another offense that is relevant conduct to the instant offense under § 1B1.3(a)." (Id. and Document No. 3)

By Order entered on October 3, 2013, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* and directed Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the

2

Petitioner in this case should not be granted. (Document No. 8.)

On October 8, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 11.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on August 2, 2010" (Id., p. 3.); and (2) "Petitioner's prior custody credit is appropriately calculated" (Id., pp. 3 - 4.); and (3) "Relief pursuant to § 5G1.3 is not appropriate under § 2241" (Id., pp. 4 - 5.). In support, Respondent attaches the following Exhibits: (1) The Declaration of J.R. Johnson, Correctional Programs Specialist (Document No. 11-1, pp. 2 - 3.); (2) A copy of the Indictment as filed in the District of South Carolina in Criminal Action No. 9:09-145 (Id., pp. 5 - 9.); (3) A copy of the U.S. Marshals Service Form (Id., pp. 11 - 12.); (4) A copy of the Judgment Order and Amended Judgment Order as filed in the District of South Carolina in Criminal Action No. 9:09-145 (Id., pp. 14 - 24.); and (5) A copy of the "Sentence Monitoring Computation Data as of 10-07-2013" (Id., pp. 26 - 28.).

Petitioner did not file a Reply or Objection to Respondent's Answer.

## ANALYSIS

**A.    Petitioner's Federal sentence did not commence until August 2, 2010.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced. See United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); also see Miramontes v.

Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"). In the instant case, Petitioner was arrested by State authorities on January 11, 2005, for Assault and Battery with Intent to Kill and was held in State custody for approximately 9 months. On August 2, 2010, Petitioner was sentenced by the District of South Carolina to a 63-month term of imprisonment for Conspiracy to Commit Bank Fraud. Therefore, the undersigned finds that Petitioner's Federal sentence could not commence prior to the date of its imposition on August 2, 2010.

**B.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served

4

against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. The Court notes that Petitioner was held in State custody for approximately 9 months following his arrest by State authorities for Petit Larceny and Assault with Intent to Kill on January 11, 2005. Petitioner was arrested by State authorities on June 24, 2008, for Criminal Domestic Violence, Breach of Trust, Forgery, and Grand Larceny. Petitioner was released on bond the same day. On September 9, 2008, Petitioner was arrested by State authorities for Assault and Battery with Intent to Kill. Petitioner was released on bond the same day. Petitioner was arrested by Federal authorities on February 19, 2009, for Theft of Mail, Identity Theft, Conspiracy to Commit Bank Fraud and Aggravated Identity Theft. Petitioner remained in Federal custody following his arrest and was sentenced by the District of South Carolina on August 2, 2010. The record reveals that the BOP granted Petitioner prior custody credit for June 24, 2008, September 9, 2008, and for the time period beginning February 19, 2009, and ending August 1, 2010, for a total of 531 days of prior custody credit. Petitioner, however, is seeking Federal credit for time served in State custody following his arrest by State authorities on January 11, 2005, through the date of his release on bond. The above requested time, however, is time spent in State custody prior to the date Petitioner committed the Federal offense to which he pled guilty (Conspiracy to Commit Bank Fraud). The Court notes that Petitioner pled guilty to Conspiracy to Commit Bank Fraud with an offense date of July 2007, through May 2008. Section 3585(b) precludes the application of credit for time spent in official detention prior to the date the federal offense was committed. Accordingly, Petitioner is not entitled to additional prior custody credit.

**C.    Petitioner is not entitled to relief under Section 5G1.3.**

To the extent Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), the undersigned finds his claim as one properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the District of South Carolina. Petitioner alleges that the District Court should have applied U.S.S.G. § 5G1.3(b),[2] thereby adjusting his Federal sentence for the time period of imprisonment already served in State custody. Petitioner is basically challenging the validity of his sentence, not the manner in which his sentence is being executed. A claim challenging the validity of his sentence must be raised on direct appeal or in a Section 2255 Motion.[3] Accordingly, the undersigned finds that Petitioner is not entitled to

---

[2] Guideline Section 5G1.3(b) provides as follows:

If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

   **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

   **(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

[3] Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002).

6

*habeas* relief and his Petition should be dismissed.[4]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on October 18, 2013. Accordingly, the undersigned further finds that Petitioner's Section 2241 Application should be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir.), *cert. denied*, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 21, 2013.

R. Clarke VanDervort
United States Magistrate Judge

8